**62**

**YIQUANG HE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

**No. 08–0220–ag.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yiquang He, a native and citizen of the People's Republic of China, seeks review of a December 17, 2007, order of the BIA denying his motion to reopen. *In re Yiquang He,* No. A 77 920 226 (B.I.A. Dec. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006)(per curiam) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, the BIA did not abuse its discretion in denying He's June 2007 motion to reopen as untimely. *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005)(per curiam). A motion must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 U.S.C. § 1229a(c)(7); 8 C.F.R.

§ 1003.2(c)(2). Here, He asserts that the BIA did not deny his motion to reopen as untimely. To the contrary, the BIA expressly noted that it had entered the final order in these proceedings in February 2004, and that He had submitted his motion "years late." *See* 8 C.F.R § 1003.2(c)(2).[1]

The time limits on motions to reopen do not apply where the movant alleged changed country conditions, 8 C.F.R. § 1003.2(c)(3)(ii), and may be tolled where the movant alleged ineffective assistance of counsel, *see Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). He made neither claim, asking the BIA instead to reopen his proceedings based on the pending I–730 application that his wife had filed on his behalf. While the BIA had the authority to reopen He's proceedings *sua sponte* on that basis, 8 C.F.R. § 1003.2(a), we lack jurisdiction to review its refusal to do so. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

Further, He's due process argument is unavailing. It is clear that He had a full and fair opportunity to present his claims because he was afforded an individual merits hearing in which he provided testimony and documentary evidence regarding his claim while represented by counsel. The BIA subsequently reviewed and adjudicated his motion to reopen. Thus, He received all the process that he was due. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 157 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. He's arguments regarding equitable tolling are misplaced because He has not raised a claim of ineffective assistance of counsel. *See Iavorski v. INS,* 232 F.3d 124 (2d Cir.2000).